## COMMONWEALTH *vs.* JAMES E. SISSON.

Bristol.   Oct. 22. — Nov. 16, 1878.   ENDICOTT & LORD, JJ., absent.

At the trial of a complaint on the Gen. Sts. *c.* 87, §§ 6, 7, charging the defendant with keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, there was evidence that the defendant lived in the building and occupied the second and third stories, the first floor being used as a bar-room; that the bar-room had one entrance from the street and the upper part of the building another, there being an inside door at the foot of the stairs, leading into the bar-room, so that it was possible to go from the rooms occupied by the defendant to the bar-room without going into the street; that on Sundays a curtain was lowered at one of the bar-room windows exhibiting the inscription "dining-rooms," preceded by the surname of the defendant; that the bar-room was not fitted up as a dining-room. *Held,* in the absence of evidence that any other person bearing the same surname as the defendant had anything to do with the premises, that the evidence was sufficient to justify the jury in finding that the defendant was the proprietor of the place in question.

COMPLAINT on the Gen. Sts. *c.* 87, §§ 6, 7, charging the defendant with keeping and maintaining a certain tenement in New Bedford, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Putnam*, J., it was admitted that the place in question was a common nuisance; but the defendant asked the judge to rule that the evidence would not warrant a finding that he kept it. The judge declined so to rule, and submitted the question to the jury, under instructions not objected to. The jury returned a verdict of guilty; and the defendant alleged exceptions. The nature of the evidence appears in the opinion.

*H. M. Knowlton*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The only question presented by this bill of exceptions is, whether there was any evidence that would authorize the jury to find that the defendant was the proprietor or keeper of the place in question. It appeared that he lived in the same building, and occupied the second and third stories, the first floor being used as a bar-room. The bar-room had a separate entrance, and was numbered 102. The entry, in which was the staircase leading to the second and third stories, had a street door, numbered 104, within two feet of the outer door of the bar-room, and there was also an inside door at the foot of the stairs, leading into the bar-room; so that it was possible to go from the rooms occupied by the defendant to the bar-room without going into the street. There was also the additional fact that on Sundays a curtain was lowered at one of the bar-room windows, exhibiting the inscription "Sisson's Dining Rooms." There was no evidence that any other person named Sisson had anything to do with any part of the premises; and the bar-room was not fitted up as a dining-room.

Whether this evidence ought to have satisfied the jury of the truth of the charge that the defendant was the proprietor or keeper of the place was a question for them, and not for us. We are clearly of the opinion that it was competent, and there is no intimation that it was not submitted to them with proper instructions. Its weight and effect were for them exclusively to estimate. His proximity and means of access to the place, the public use of a surname identical with his own, and the absence of any suggestion that there was any other Sisson, were matters proper for them to consider.      *Exceptions overruled.*